Frederick Backer, J.
By this article 78 proceeding, petitioner seeks review of the determination of the respondent Welfare Commissioner which demoted him from the position of special officer to messenger in the Mew York City Department of Welfare; and an order reinstating him with backpay, and further *437 order reviewing and annulling the determination of the respondent Police Commissioner which revoked his designation as a special patrolman.
It is agreed by the respective parties that only issues of law are presented herein. Petitioner commenced his employment with the Department of Welfare on June 15, 1935 and was promoted, after competitive examination, on May 31, 1941 to position of attendant messenger. On January 1, 1945 he was reclassified to the position of special patrolman and simultaneously therewith designated by the then Police Commissioner as a special patrolman. The duties of the position of special patrolman in the Department of Welfare required that each special patrolman be designated as a special patrolman by the New York City Police Department.
He served as such until June 30, 1954 when, pursuant to the Career and Salary Plan, the position of special patrolman was changed and reclassified to that of special officer effective July 1, 1954. He was employed as such until the time of his demotion, to wit, January 12, 1962. It appears that on December 8, 1960, the Police Commissioner revoked petitioner’s designation as a special patrolman and on December 14,1960 the Department of Welfare preferred written charges against him containing five specifications — four counts of misconduct and one of incompetency. A hearing was held and petitioner suspended without pay from November 23, 1960 until February 23, 1961. Subsequently, on April 18,1961 the Police Commissioner refused to restore petitioner as special patrolman although the Department of Welfare requested same. On August 5,1961, the Welfare Commissioner charged petitioner with incompetency in that he was incompetent to occupy the position of special officer and perform the duties of a special patrolman because of the revocation by the Police Commissioner of petitioner’s designation as special patrolman and the subsequent refusal of said Police Commissioner to cancel the revocation or appoint petitioner as a special partrolman.
In August, 1961 hearings were held on such charge. On September 7, 1961 petitioner, before a determination was made on said charge, instituted an article 78 proceeding requesting his redesignation, etc. On November 15, 1961, the court dismissed the petition upon the ground that section 434a-7.0 of the Administrative Code of the City of New York authorized the Police Commissioner’s action and that the proceeding as to him was barred by the four months’ Statute of Limitations, and, that the court could not prohibit the trial of petitioner. The order of dismissal was entered December 21, 1961 and served on *438 petitioner’s attorneys January 4, 1962. No appeal was taken therefrom.
On January 5, 1962 the Welfare Commissioner found petitioner guilty of the charge of incompetency and demoted him to messenger. On May 1,1962 petitioner commenced the instant proceeding in which he seeks the same relief as against the Police Commissioner which he sought in the afore-mentioned prior proceeding; and also seeks review of the Welfare Commissioner’s determination of January 5, 1962.
Thus, the issues of law presented here are as follows:
1. Whether the petition should be dismissed as against Police Commissioner Murphy because (a) the petition was served more than four months after the Police Commissioner’s determination became final and binding upon petitioner as provided in section 1286 of the Civil Practice Act and (b) the order of this court in the prior proceeding of Rindone v. Murphy is binding upon petitioner.
2. Whether the hearing officer erred in (a) overruling petitioner’s objections to the admission of certain evidence and (b) overruling petitioner’s argument that the Welfare Commissioner’s determination on the previous charges against petitioner was res judicata as to the instant charge against petitioner.
Upon a thorough and painstaking study of the papers submitted on this application and of the record of proceedings had, I am of the ultimate conclusion that there is warrant in this record for the determinations made and in law must be sustained. As for the respondent Police Commissioner, the petition is vulnerable as violative of the four-month Statute of Limitations (Civ. Prac. Act, § 1286) since it shows, upon its face, that this proceeding was commenced on May 1,1962, which is more than 16 months after December 8, 1960, the date of the Police Commissioner’s final determination. Since this act is one within the sole jurisdiction of the Police Commissioner, his action is a valid act, binding and final. It constitutes the act which sets in operation the effect of the short period of limitations provided by section 1286 of the Civil Practice Act (Alliano v. Adams, 2 A D 2d 532, affd. 3 N Y 2d 801).
Moreover, the instant proceeding is untenable, as against the Police Commissioner, on the grounds of res judicata. In the prior proceeding, afore-stated, petitioner sought the same relief — • review of the then Police Commissioner’s revocation of his designation as a special patrolman. That was dismissed on the merits as well as the law.
In respect of the respondent, the Welfare Commissioner, I am satisfied on this record that his determination was legal *439 and proper. Upon the determination by the Police Commissioner that petitioner was not to be redesignated as a special patrolman, the Welfare Commissioner was bound to revoke his designation as such in the Welfare Department since he had no authority to continue him as such officer unless he was qualified as such by the Police Comissioner. Accordingly, the Welfare Commissioner properly charged petitioner as incompetent to perform his duties. This was for the period from February 14, 1960 to August 5,1961 because of his failure to receive a redesignation as a special patrolman from the Police Commissioner. The charge, trial, finding and punishment were all based on his incompetency during that period. There is ample warrant in this record for the determination made. For all of the foregoing reasons, the application is denied and the petition dismissed.